Curia, per O’Neall, J.
In this case, according to-well settled principles, the plaintiff, as against the defendant, was entitled to recover; for, according to O’Neall vs. Duncan, 4 McC. 246, and many cases since, it is clear that a purchaser at sheriff’s sale is entitled to recover against the person whose title he has bought. The reason is an obvious one. The sheriff, by law, is made the agent of the defendant-in execution in selling his land to pay his debt, and hence the sheriff’s deed operates very much as his own.
It may be, and I think it very possible, that if the trustee of the wife be made a party to the record, as is directed in Crosby vs. Floyd, 2 Bail. 116, he may defeat this recovery ; and a feeling of that kind has made me struggle to sustain the verdict. But it is too clear to be questioned, that this defendant cannot set up a paramount title in ano- ' ther to defeat the purchaser of ■ his own title.
The motion for a new trial is, therefore, granted.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.